**MCGIVNEY & KLUGER, P.C.**
By: Alexander C. Schaffel, Esq.
23 Vreeland Road, Suite 220
Florham Park, NJ 07932
973.822.1110
Attorneys for Defendant
**Weil-McLain**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA HOSANG, INDIVIDUALLY AND AS ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF JOHN MATHEW HOSANG, Plaintiffs, v. AGCO CORP., f/k/a ALLIS CHALMERS, ET AL., Defendants. | CIVIL ACTION NO.: 2:16-cv-02061-KM-JBC **WEIL-MCLAIN'S RULE 26(a) DISCLOSURES** |

Defendant Weil-McLain, improperly plead as Weil McLain, a division of the Marley Company, by its attorneys, McGivney & Kluger, P.C., in compliance with Rule 26(a) of the Federal Rules of Civil Procedure herein states the following:

**PRELIMINARY STATEMENT**

Weil-McLain reserves the right to supplement or amend these disclosures as deemed appropriate during the course of discovery in this matter, including conforming to and/or incorporating any additional information or evidence arising during discovery in this matter. These disclosures are made based upon information currently known and reasonably available to Weil-McLain at this time. Weil-McLain's disclosures represent a good faith effort to identify individuals they now reasonably believe may have discoverable information. These initial disclosures are made subject to and without waiving attorney-client privilege, attorney work-

product, and/or other applicable privileges or protections under federal or state law. Additionally, Weil-McLain does not waive and expressly reserves its right to object to the relevance of admissibility of any documents and/or witness testimony identified herein. Moreover, it is impossible for Weil-McLain to fully determine which witness and/or documents it will use to support its defense at this time, as Plaintiff has yet to provide sufficiently specific admissible product identification evidence or any expert witness testimony implicating a Weil-McLain product as a cause of Plaintiff's injuries. As stated above, Weil-McLain reserves the right to supplement these disclosures as discovery and investigation proceed in this action.

1.   **The name, address and telephone number of the individual(s) likely to have discoverable information:**

Based upon the information contained in discovery produced by plaintiff so far, and because the allegations in this case concern events that occurred decades ago, Weil-McLain is unable to determine whether any current employee is likely to have direct personal knowledge bearing on the claims against Weil-McLain. Additionally, Weil-McLain is not aware of any living former employee or other person that is likely to have personal knowledge of discoverable information bearing on the claims against or the defenses of, Weil-McLain in this matter. The names and addresses of persons likely to have discoverable information relevant to the plaintiffs' claims in this case are largely within the knowledge of plaintiffs. Notwithstanding the above, such people may include:

(a) Donna Hosang.

(b) Any additional administrator of the Estate of John Mathew Hosang.

(c) Any and all previous spouses of John Mathew Hosang, if applicable.

{F1400037-1}

(d) All living relatives of John Mathew Hosang, including, but not limited to, if applicable, children, parents, grandchildren, brothers, sisters, aunts, uncles, cousins, nieces, and nephews.

(e) People with knowledge of the employment history, asbestos exposure, and/or lifestyle of John Mathew Hosang, including co-workers and friends.

(f) Physicians and/or other health care providers who may have treated and/or provided medical and diagnostic services to John Mathew Hosang.

(g) All individuals identified in the Initial Disclosure of plaintiff and/or plaintiff's answers to interrogatories or any other party.

(h) Any individual identified on any exhibit submitted by Weil-McLain in the case.

(i) Records Custodians of any asbestos personal injury settlement trusts.

(j) A witness or corporate designee of any entity that other defendants allege may have manufactured, distributed or otherwise exposed Plaintiff to any asbestos or asbestos-containing product at any time.

(k) Corporate witness(es) of Weil-McLain.

(l) Any and all co-workers and/or product identification witnesses identified during the course of discovery.

(m) Representatives of the Plaintiff's employer(s).

(n) Representatives, employers and/or employees of Contractors and/or Subcontractors who worked at the same jobsite(s) during the time the Plaintiff worked at said jobsite(s) who may possess knowledge about all asbestos-containing products at the jobsite(s) identified.

(o) Any witnesses, live or by transcript, listed or withdrawn by any party, not subject to objection by Weil-McLain.

(p) Any witness, live, by transcript, or other sworn testimony (including Affidavits) necessary for the authentication of exhibits/documents as to which Plaintiff may raise an objection to at trial.

(q) A witness or corporate designee of any entity that the Plaintiff alleges may have manufactured, distributed or otherwise exposed the Plaintiff to any asbestos or asbestos-containing product at any time.

(r) A witness or corporate designee of any entity that supplied raw asbestos fiber to a manufacturer of an asbestos-containing product to which the Plaintiff alleges exposure.

(s) Any witness listed by any other party, or former party, on any witness list, amended or supplemental list, or who may be so identified in the future.

(t) Records custodian of all physicians or other medical personnel, hospitals and/or laboratories where the Plaintiff was examined, diagnosed or treated.

(u) Custodians of records of all suppliers of asbestos-containing products to Plaintiff's place of employments, including but not limited to any branch of the United States Military.

(v) Representatives of co-defendants.

(w) Any custodian, military or other, of records concerning subjects including, but no limited to, purchasing, architectural, construction and/or maintenance specifications and industrial hygiene for all naval ships and/or buildings occupied, worked in and/or on by Plaintiff.

(x) Representatives of all premises, naval ships, and/or owners thereof where Plaintiff worked.

(y) Any witness listed by any party in this case, including any party that has been dismissed or settled prior to trial.

2. **Categories of documents, data, compilations and tangible things in Defendant, Weil-McLain's possession, custody or control, including:**

Based upon the information contained in the discovery produced by plaintiff so far, Weil-McLain is unable to determine whether it is in possession of relevant documents or other tangible things.

3. **Calculations of damages:**

Plaintiff to provide.

Weil-McLain denies that it is in any way responsible to plaintiffs or co-defendants for any damages.

4. **Insuring agreements:**

To the best of Weil-McLain's present knowledge, there exists adequate coverage for any liability it may have in this action.  Copies of the pertinent insurance policies, to the extent they are required to be produced pursuant to the Federal Rules of Civil Procedure, can be made available upon request.

5. **Experts:**

To be disclosed if and when retained in accordance with the Federal Rules of Civil Procedure and Scheduling Orders.

Dated:  August 16, 2016

/s/ Alexander C. Schaffel
ALEXANDER C. SCHAFFEL, Esq.
**McGivney & Kluger, P.C.**
Attorneys for Defendant,
Weil-McLain
23 Vreeland Road, Suite 220
Florham Park, NJ  07932
973-822-1110

{F1400037-1}